QUESTION: Does Ch. 73-172, Laws of Florida, affect the authority of the county commission of Alachua County, under s. 3(a) of Ch. 71-445, Laws of Florida, to retain custody of budget funds approved by the Department of Revenue for the office of the Alachua County Tax Assessor?
SUMMARY: Section 3(a) of Ch. 71-445, Laws of Florida, is not in conflict with Ch. 73-172, Laws of Florida, and is therefore not affected by Ch. 73-172. The county commissioners are authorized to retain custody of the budgetary funds of the Alachua County Tax Assessor and to disburse them with the prior approval of the assessor. Your question is answered in the negative. Subsection 3(a) of Ch. 71-445, Laws of Florida, a special law, empowers the county commissioners of Alachua County as follows: The County Commission shall retain custody of the funds appropriated for the operations of the office of the Tax Assessor and shall administer, disburse and account for said funds in the same manner provided by law for the administration, disbursement and accounting of other County Commission funds; provided, that no amounts shall be charged to the budget accounts of the Tax Assessor without said officer's knowledge and prior approval. (Emphasis supplied.) Your letter indicates your concern that the above-quoted section may conflict with s. 6 [s. 195.087, F.S.] or s. 8 [s. 192.091(1), F. S.] of Ch. 73-172, supra. If so, then Ch. 71-445, s. 3(a), supra, would stand repealed to the extent of such conflict. Section 22(1), Ch. 73-172. It is my opinion, however, that s. 3(a) of Ch. 71-445 does not conflict with Ch. 73-172 and remains unaffected thereby. Prefatorily, it must be observed that in the interpretation of statutes, a construction is preferred which harmonizes the two in order to avoid conflict. American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938). With that principle in mind, it appears to me that s. 3(a) of Ch. 71-445, supra, could conflict with s. 6 of Ch. 73-172, supra, only by interfering with the budgetary review and approval procedure power vested in the Division of Ad Valorem Tax of the Department of Revenue. As I read the provision of Ch. 71-445 quoted above, it addresses only the custody of the tax assessor's budgeting funds after the assessor's budget has been reviewed and approved. I recently noted in AGO 073-381 that Ch. 73-172 does not address questions of post-approval custody of funds and therefore does not conflict with custodial requirements of special laws which do not infringe upon the budgetary approval power of the ad valorem tax division. I see nothing inconsistent between the requirement of s. 6, Ch. 73-172 that the ad valorem tax division review and approve the assessor's budget before it becomes his operating budget and the requirement of Ch. 71-445 that, after approval of the budget, budgetary funds shall remain in the custody of the county commission and be disbursed by them. However, you cite s.195.087(1)(b), F.S., as amended by s. 6, Ch. 73-172, as a potential source of conflict. The last sentence of that section states: "After final approval the assessor shall make no transfer of funds between accounts without the written approval of the ad valorem tax division." You are apparently concerned that the lack of autonomous control over your budget funds may result in an inadvertent transfer of such funds by the county commissioners, in contravention of the approved budget and of the last-quoted statutory requirement. However, Ch. 71-445 does not permit administration or disbursement of the tax assessor's budgetary funds without his "knowledge and prior approval." Section 3(a), Ch. 71-445. The law thus contemplates that the assessor will retain effective control over the dispensation of his budget, with only custodial possession vested in the county commission. Neither is there any patent conflict between s. 3(a), Ch. 71-445, supra, and s. 8 [s. 192.091(1), F.S.], Ch. 73-172, supra. Section 8 merely states: The budget of the assessor's office as approved by the department of revenue shall be the basis upon which the several tax authorities of each county . . . shall be billed by the assessor for services rendered. . . . There is no patent inconsistency between this requirement and the requirement of Ch. 71-445 that, once the various taxing authorities have been billed according to Ch. 73-172, the funds received be deposited in a special or escrow account with the county commission, rather than directly with the tax assessor.